01
02
03
04

05                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
06                              AT SEATTLE

07  JOAN MARIE ALTEMUS,           )   CASE NO. C10-5451-RSL
                                  )
08          Plaintiff,            )
                                  )
09       v.                       )   REPORT AND RECOMMENDATION
                                  )   RE: SOCIAL SECURITY DISABILITY
10  MICHAEL J. ASTRUE, Commissioner )   APPEAL
    of Social Security,            )
11                                 )
            Defendant.              )
12  _____ )

13       Plaintiff Joan Marie Altemus proceeds through counsel in her appeal of a final decision

14  of the Commissioner of the Social Security Administration (Commissioner). The

15  Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) after a

16  hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision,

17  the administrative record (AR), and all memoranda of record, the Court recommends that this

18  matter be AFFIRMED.

19                         **FACTS AND PROCEDURAL HISTORY**

20       Plaintiff was born on XXXX, 1957.[1] She has a high school education and previously

21  ───────────────

22   1 Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil
    Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to
    the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION
PAGE -1

worked as a bookkeeper. (AR 19, 25.)

Plaintiff filed an application for DIB on August 23, 2006, alleging disability beginning January 26, 2002. She is insured for DIB through December 31, 2004. (AR 12.) Plaintiff's application was denied at the initial level and on reconsideration. Plaintiff timely requested a hearing.

On May 8, 2009, ALJ Verrell Dethloff held a hearing, taking testimony from plaintiff. (AR 21-39.) On June 2, 2009, the ALJ issued a decision finding plaintiff not disabled. (AR 12-20.)

Plaintiff timely appealed. The Appeals Council granted the request for review on February 26, 2010. (AR 79-82.) On April 26, 2010, the Appeals Council found plaintiff not entitled to disability benefits. (AR 4-6.) Plaintiff appealed this final decision of the Commissioner to this Court.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's fibromyalgia, lumbar degenerative disc disease, right rotator cuff tear with impingement syndrome, plantar fasciitis, and obesity severe. Step three asks whether a claimant's

impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment. If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform the full range of sedentary work, being able to stand and/or walk for two hours in an eight hour workday and sit for about six hours in an eight hour workday. With that assessment, the ALJ found plaintiff able to perform her past relevant work as a bookkeeper and, therefore, not disabled.

On review, the Appeals Council upheld the ALJ's findings under steps one, two and three, but did not agree with the ALJ's step four assessment that plaintiff could perform her past relevant work as a bookkeeper as actually performed. The Appeals Council proceeded to step five and, using the Medical-Vocational Guidelines (the "Guidelines" or "Grids") as a framework, found plaintiff able to perform a significant number of jobs in the national economy considering her RFC, age, education, and work experience. (AR 5.) The Appeals Council, therefore, found plaintiff not entitled to DIB. (AR 6.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278

REPORT AND RECOMMENDATION
PAGE -3

F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues that the ALJ erred by not finding her depression severe at step two of the sequential evaluation. She contends her mental impairment caused significant non-exertional limitations, making reliance on the Guidelines inappropriate. Plaintiff requests an award of benefits. The Commissioner argues that the ALJ's determination that plaintiff's depression was not severe was supported by substantial evidence. Therefore, the Commissioner argues, the Guidelines were appropriately used as a framework to determine that plaintiff was not disabled and the decision should be affirmed.

<u>Step Two</u>

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987) and 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling (SSR) 85-28). "[T]he step two inquiry is a de minimis screening device to dispose of groundless claims." *Id.* (citing *Bowen*, 482 U.S. at 153-54).

The ALJ considered plaintiff's depression at step two, but concluded it was not a severe impairment.

> Moreover, the [plaintiff] was assessed with depression. It appears that she was prescribed medication but the medical records do not provide very much information regarding her symptoms. The [plaintiff] alleged mental

> limitations such as memory problems. She also reported that she had become more socially isolated. These reports are however not supported by the objective medical evidence during the time period at issue. Moreover, during the period in question, it does not appear that the [plaintiff] sought counseling or treatment from a psychiatrist. Failure to seek appropriate treatment may provide a basis to deny benefits where [plaintiff] has not sought amelioration of mental impairments, and reflects on the credibility of allegations that such an impairment is disabling. A state agency medical consultant, Arthur Hamlin, PsyD, reviewed the [plaintiff's] records on November 8, 2006. It was determined that there was insufficient evidence to determine the [plaintiff's] functioning at the time of her date last insured. These findings were affirmed by another state agency medical consultant, James Levasseur, PhD, on February 13, 2007. I give significant weight to these findings as they are consistent with the minimal records available.
>
> The [plaintiff] has failed to carry her burden of establishing a medically determinable mental impairment prior to her date last insured. Where she has failed to establish a record adequate to establish a residual functional capacity prior to the date last insured, the conclusion must be reached that she had no severe impairment prior to that date.

(AR 16-17, citations omitted.)

Plaintiff argues that the ALJ's reasons are not supported by substantial evidence. She urges the conclusion that a judgment about limitations on work activities could be made from statements in the record about symptoms such as insomnia, concentration, anxiety, irritability, and anhedonia, all of which constitute workplace limitations. Plaintiff further contends that the continuation of her depression symptoms past the date last insured may appropriately be considered to establish the required twelve month durational period. Plaintiff disputes the significance of a lack of treatment by a psychiatrist, noting there is no requirement that a claimant treat with a specialist. Plaintiff also questions the conclusion of the state agency physicians that there was insufficient evidence of functional limitations before the date last insured, since the record does not show the evidence they reviewed.

REPORT AND RECOMMENDATION
PAGE -5

01       In response, the Commissioner argues that the only evidence of depression during the
02 relevant period is plaintiff's allegations on two occasions that she was depressed, one of which
03 pre-dates the relevant time period.  He contends the ALJ appropriately noted plaintiff's lack of
04 follow-through with the recommendation that she seek mental health counseling, concluding
05 the alleged impairment was not all that limiting.  20 C.F.R. § 404.1529(c)(3) ("The
06 information that you, your treating or nontreating source, or other persons provide about your
07 pain or other symptoms (e.g., … what medications, treatments or other methods you use to
08 alleviate them…) is also an important indicator of the intensity and persistence of your
09 symptoms.")  The Commissioner further argues that the record does not show the condition
10 lasted for, or was expected to last for, "a continuous period of at least twelve months" as
11 required by the regulations.  20 C.F.R. § 404.1509.  He avers that, at the most, the occasions
12 after the relevant period showed symptoms that were recent, situational, and very mild, and
13 symptoms alone are insufficient to establish a medically determinable impairment.  The
14 Commissioner notes that plaintiff bears the burden of establishing a severe impairment by
15 providing medical evidence of an impairment and identifying any functional limitations
16 resulting therefrom.  He notes the lack of any mention of depression at the administrative
17 hearing before the ALJ (AR 21-39), or in plaintiff's brief to the Appeals Council (AR 7-8,
18 141-42).  Because the ALJ is responsible for judging the medical evidence, the Commissioner
19 urges that this Court not re-weigh the evidence, nor substitute its judgment for that of the
20 Commissioner, if there is more than a scintilla of evidence to support the ALJ's interpretation
21 of the medical evidence, and if that interpretation is based on correct legal standards.
22       The Court agrees that plaintiff does not succeed in establishing error in the ALJ's

REPORT AND RECOMMENDATION
PAGE -6

consideration of her mental impairments. The Commissioner correctly observes that plaintiff bears the burden of establishing she has an impairment and its severity during the time she says she is disabled. 20 C.F.R. § 404.1512(c). *See also Miller v. Heckler,* 770 F.2d 845, 849 (9th Cir. 1985) (finding claim properly rejected when claimant failed to produce any clinical evidence showing his use of prescription narcotics impaired his ability to work). The ALJ here reasonably concluded plaintiff had not met that burden.

Having been previously found not disabled through January 25, 2002 (AR 12), plaintiff must establish a severe impairment after that date, but before December 24, 2004, the date her DIB insured status expired. Plaintiff cites a chart note from Dr. Spuza-Milford, a rheumatologist, with the notation "Zoloft depressed pt" (AR 384), but the Commissioner correctly points out that the June 15, 2001 chart note pre-dates the relevant time period. The ALJ did acknowledge that plaintiff had been assessed with depression on two occasions – September 16, 2004 (AR 163) and December 3, 2004 (AR 374). In considering those assessments, the ALJ found that "she was prescribed medication but the medical records do not provide very much information regarding her symptoms." (AR 16.) Although plaintiff endorsed the symptom of sleep disturbance, Dr. Spuza-Milford did not specifically connect that symptom to plaintiff's depression, or opine any functional limitations as a result of her depression. In fact, the doctor listed "Insomnia" as a separate diagnosis. (AR 163.) While plaintiff mentioned memory problems and social isolation in her 2006 application for disability benefits (AR 100-09, 115-21), the ALJ appropriately noted that "these reports are however not supported by the objective medical evidence during the time period at issue" (AR 16), as the contemporaneous medical records in 2004 contain virtually no mention of these problems to

REPORT AND RECOMMENDATION
PAGE -7

her doctors (*see*, *e.g.*, AR 163-66).

Plaintiff also cites references to depression in the medical records that post-date the date last insured of December 31, 2004. She acknowledges this evidence cannot establish a medically determinable impairment retroactively, but argues the evidence may be used to satisfy the twelve month durational requirement for symptoms and impairments arising before the date last insured. However, the Court agrees with the Commissioner that the evidence does not establish an impairment that has lasted or is expected to last "for a continuous period of at least 12 months". 20 C.F.R. § 404.1509. As discussed previously, substantial evidence supports the ALJ's finding that plaintiff's depression was not a severe impairment previous to the date last insured, and, at most, the records after the date last insured show depressive symptoms that were situational, of recent onset, or mild. (AR 160 ("Reactive Depression"), AR 215 ("Recent depression"), AR 176 ("Psychological symptoms: No anxiety and no depression"), AR 394 ("Depression in the past two weeks[.]")

Nor does the record reflect that plaintiff followed up on the recommendation she "seek counseling through mental health" (AR 374), which was appropriate for the ALJ to consider in evaluating the credibility of plaintiff's allegations that she was disabled by her mental impairment. (AR 16.) Information about treatment is "an important indicator of the intensity and persistence of [a claimant's] symptoms." 20 C.F.R. § 404.1529(c)(3).

Finding that plaintiff failed to carry her burden of establishing a medically determinable mental impairment prior to her date last insured, the ALJ cited the opinions of two state agency medical consultants, Arthur Hamlin, Psy.D. (AR 220-33) and James Levasseur, Ph.D. (AR 263-76). Plaintiff argues the ALJ should not have relied on these reports because the

consultants did not discuss the evidence they reviewed. Plaintiff's point is well-taken with regard to Dr. Hamlin, who did not specify the evidence relied upon in support of his conclusion that "Review of medical evidence finds insufficient evidence to determine clmt's functioning at time of [Date Last Insured]." (AR 232.) However, Dr. Levasseur indicated he reviewed "current 2006 treatment records", which, although reporting a diagnosis of depression, "also show no psychological symptoms of anxiety or depression[,]" and stated: "Additionally, a review of the available MER prior to DLI does not indicate treatment for any type of mental impairment. Therefore, the claim is deemed insufficient." (AR 275.) Plaintiff does not succeed in showing error in the ALJ's consideration of the opinions of these two consulting experts.

<u>Step Five</u>

The Appeals Council modified the finding of the ALJ at step four of the sequential evaluation, and found plaintiff not able to perform the duties of her past relevant work as a bookkeeper as actually performed. The Appeals Council proceeded to step five, using the Guidelines, Rule 201.21, Table No. 1 of 20 C.F.R. Pt. 404, Subpt. P, App. 2, as a framework for decision making. (AR 5.) Given plaintiff's age (at 47, a "younger individual" as defined in the Guidelines), high school education, past relevant work of a semiskilled or skilled nature, and the ability to perform at the sedentary exertional level, the Guidelines directed a finding of "not disabled".

Plaintiff argues her depression constitutes a significant non-exertional mental impairment, precluding the use of the Guidelines. *Tackett v. Apfel,* 180 F.3d 1094, 1101-1102 (9th Cir. 1999) (holding that "significant non-exertional impairments" may make reliance on

REPORT AND RECOMMENDATION
PAGE -9

the grids inappropriate). However, as no error has been shown in the ALJ's finding that plaintiff did not have a severe mental impairment, this assignment of error necessarily fails.

## CONCLUSION

For the reasons set forth above, the Commissioner's decision should be AFFIRMED.

DATED this 23rd day of February, 2011.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -10